**PRENOVOST, NORMANDIN, DAWE & ROCHA**
A Professional Corporation
**KAREL ROCHA, SBN 212413**
krocha@pnbd.com
**JASON MEYER, SBN 299032**
jmeyer@pnbd.com
**2122 North Broadway, Suite 200**
**Santa Ana, California 92706-2614**
**Phone No.:    (714) 547-2444**
**Fax No.:       (714) 835-2889**

Attorneys for SOUTHWEST MARINE AND GENERAL INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| SOUTHWEST MARINE AND GENERAL INSURANCE COMPANY, as assignee and subrogee of Mirastar Federal Credit Union fka Santa Clara County Federal Credit Union,<br><br>Plaintiff,<br><br>v.<br><br>ISAIAH GRANT, an individual,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR:**<br><br>1.  **FRAUD**<br>2.  **CONVERSION**<br>3.  **UNJUST ENRICHMENT** |

Plaintiff, Southwest Marine and General Insurance Company, as assignee and subrogee of Mirastar Federal Credit Union fka Santa Clara County Federal Credit Union ("Mirastar"), by and through its undersigned attorneys, Prenovost, Normandin, Dawe & Rocha, A.P.C., hereby files a Complaint against Defendant, Isaiah Grant, and in support thereof alleges the following:

## **PARTIES**

1. Plaintiff, Southwest Marine and General Insurance Company ("Southwest Marine"), is a corporation organized under the laws of the Arizona with its principal place of business in Morris County, New Jersey.  Southwest Marine and General Insurance Company is not publicly traded.  Southwest Marine is a citizen of the States of Arizona and New Jersey.

/ / /

/ / /

2.  Defendant, Isaiah Grant ("Grant"), is an adult individual with a residential address of 381 E. William Stret, Apt. 17, San Jose, California 95112. Grant is a citizen of the State of California.

## JURISDICTION AND VENUE

3.  This Court has proper subject matter jurisdiction over the claims in this Complaint pursuant to 28 U.S.C. § 1332 because Southwest Marine and Grant are citizens of different states and the amount in controversy when accounting for both compensatory damages and punitive damages exceeds $75,000.00.

4.  Venue is proper under 28 U.SC. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2) because Grant resides in this district and a substantial part of the events giving rise to the following claims occurred in this district.

## FACTUAL ALLEGATIONS

5.  Mirastar is a financial institution existing in accordance with the laws of the State of California.

6.  Mirastar operates a branch located at 1638 Campbell Avenue, Campbell, California.

7.  Grant maintained a personal bank account with Mirastar.

8.  On or about February 27, 2024, Grant deposited what appeared to be a U.S. Treasury check in the amount of $68,445.77 payable to Grant into his bank account with Mirastar at the above-referenced Mirastar branch.

9.  At the time he made the deposit, Grant was aware that the check was fraudulent and that he was not entitled to funds from the U.S. Government.

10. After the fraudulent check was deposited into his bank account, Grant withdrew the funds derived therefrom for his personal use and benefit.

11. On November 8, 2024, Mirastar was notified by the U.S. Government that the above-referenced check was fraudulent.

12. As a result, Mirastar was compelled to reimburse the U.S. Government in the amount of $68,445.77.

/ / /

13. Mirastar was able to recover $830.67 from Grant's account to partially offset the loss, but a loss amount of $67,615.10 remains.

14. Mirastar demanded that Grant reimburse Mirastar for the loss caused due to his fraud, but he failed to do so.

15. Southwest Marine issued a policy of insurance (the "Policy") to Mirastar in which Southwest Marine agreed to insure Mirastar for losses sustained due to fraud.

16. Mirastar submitted a claim under the Policy to Southwest Marine based on the losses incurred due to Grant's fraudulent conduct.

17. Pursuant to the Policy, Southwest Marine indemnified Mirastar for the losses sustained as a result of Grant's fraudulent conduct.

18. As a result of indemnifying Mirastar, Southwest Marine has become subrogated to Mirastar.

19. Additionally, Mirastar assigned to Southwest Marine all of the rights, claims and causes of action that Mirastar has against Grant.

20. Despite demand, Grant has not returned any portion of the $67,615.10 loss to Mirastar or Southwest Marine.

## COUNT I

### (FRAUD)

**Southwest Marine v. Grant**

21. Southwest Marine repeats and realleges the above allegations as if set forth herein.

22. Grant represented to Mirastar that the above-referenced U.S. Treasury check was legitimate and had been issued by the U.S. Government to Grant when he presented it to Mirastar for deposit.

23. Grant's representation was material and false because the check was fraudulent and Grant was not entitled to receipt of $68,445.77 from the U.S. Government.

24. Grant knew the representation was false when he made it.

25. Grant's misrepresentation regarding the legitimacy of the check was made with the intent to mislead Mirastar into relying upon it.

26. Mirastar did rely upon the misrepresentation of Grant when Mirastar permitted Grant to deposit the fraudulent check and have access to the funds derived therefrom.

27. Grant's conduct was wanton and willful and committed with actual malice.

28. As a result of Grant's fraudulent conduct, Mirastar, and thus Southwest Marine, suffered a loss in the principal amount of $150,000.00 and is entitled to recover punitive damages in addition to compensatory damages.

## COUNT II

## (CONVERSION)

**Southwest Marine v. Grant**

29. Southwest Marine repeats and realleges the above allegations as if set forth herein.

30. Mirastar was the rightful possessor and owner of $68,445.77.

31. Without Mirastar's consent and without lawful justification, Grant deprived Mirastar of its rightful possession and ownership of $68,445.77 by depositing the fraudulent U.S. Treasury check with Mirastar and then withdrawing the funds derived from the fraudulent check.

32. Mirastar was able to recover $830.67 from Grant's account to partially offset the loss, but a loss amount of $67,615.10 remains.

33. Despite demand, Grant has not returned any portion of the remaining $67,615.10 loss incurred as a result of his conversion.

34. Grant's conduct was wanton and willful and committed with actual malice.

35. As a result of Grant's conversion, Mirastar, and thus Southwest Marine, suffered a loss in the principal amount of $67,615.10 and is entitled to recover punitive damages in addition to compensatory damages.

## COUNT III

## (UNJUST ENRICHMENT)

**Southwest Marine v. Grant**

36. Southwest Marine repeats and realleges the above allegations as if set forth herein.

/ / /

/ / /

37. Grant obtained a benefit from Mirastar in an amount no less than $67,615.10 when he deposited the above-referenced fraudulent check and withdrew the funds derived therefrom for his personal use and benefit.

38. Despite demand, Grant did not return the $67,615.10 to Mirastar.

39. It is inequitable and unjust for Grant to continue to retain the benefit that he received at the expense of Mirastar without disgorging such benefit.

40. As a result of Grant's actions, Mirastar, and thus Southwest Marine, suffered a loss in the principal amount of $67,615.10 and is entitled to an award of compensatory damages in that amount.

WHEREFORE, Plaintiff, Southwest Marine and General Insurance Company, demands judgment in its favor and against Defendant, Isaiah Grant, for compensatory damages in the amount of $67,615.10, together with punitive damages, interest, costs, fees and all further relief that the Court determines to be appropriate in such an amount that exceeds $75,000.00.

DATED: December 2, 2025

PRENOVOST, NORMANDIN, DAWE & ROCHA
A Professional Corporation

By: _____/s/ Karel Rocha_____
KAREL ROCHA
JASON MEYER
Attorneys for SOUTHWEST MARINE AND GENERAL INSURANCE COMPANY